IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BILLY PENNINGTON, BARBARA
PENNINGTON and All Parties
Similarly Situated,

          Plaintiffs,

  vs.                            **Case No. 10-1344-RDR**

EQUIFIRST CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS;
BARCLAYS CAPITAL REAL
ESTATE, INC., d/b/a
HOMEQ SERVICING CORPORATION;
THE BANK OF NEW YORK MELLON
TRUST COMPANY, N A; C12 CAPITAL
MANAGEMENT LP, d/b/a PROTIUM
MASTER MORTGAGE LP; MARTIN,
LEIGH, LAWS & FRITZLEN, PC;
and DOES 1-100,

          Defendants.

## O R D E R

This case is before the court upon plaintiffs' pro se motion for an ex parte temporary restraining order (TRO). Plaintiffs filed this case on October 4, 2010. They filed the motion for temporary restraining order on October 6, 2010. The motion seeks an order from this court enjoining an October 12, 2010 foreclosure sale of plaintiffs' home by the Butler County, Kansas Sheriff.

Plaintiffs' complaint alleges that they are the owners of a home and property in Andover, Kansas. Plaintiffs allege violations of federal statutes and also appear to claim diversity jurisdiction. Plaintiffs claim that on or about March 23, 2007,

they met with agents for defendant EquiFirst Corporation and signed documents for a real estate loan for the land in Andover. On that date, plaintiffs allege they signed a promissory note for $115,200.00 which stated that EquiFirst was the lender and that they executed a mortgage related to the property. Plaintiffs claim that defendant EquiFirst resold plaintiffs' promissory note along with other mortgages as part of a securities transaction. Plaintiffs claim that the other defendants named in this action were servicing agents for the loan and that defendant Martin, Leigh, Laws & Fritzlen, P.C., acted as the collection agent for the real estate loan. Plaintiffs state that they began withholding payments on the loan on or about May 2009.

Plaintiffs allege that a petition for foreclosure was filed by defendants Bank of New York and Capital Management LP d/b/a/ Protium Master Mortgage LP. Plaintiffs do not identify the court where the foreclosure petition was filed. Plaintiffs indicate that a journal entry of mortgage foreclosure was filed on September 3, 2010, in spite of plaintiffs' pre-judgment opposition to the proceedings. According to plaintiffs, they filed a motion to set aside judgment on September 15, 2010. Plaintiffs' complaint indicates that this motion has not been ruled upon.

Plaintiffs assert a violation of the Truth In Lending Act (TILA) in that disclosures required by 12 C.F.R. §§ 226.17(b) and 226.19(a) were not made by defendants EquiFirst Corporation and

Mortgage Electronic Registration Systems (MERS). Plaintiffs also refer to the Real Estate and Settlement Procedures Act (RESPA), but do not elaborate upon how this statute was violated.

Plaintiffs further assert a claim of unjust enrichment alleging that defendants are acting as original creditors when in fact they were just servicing agents with no lawful authority to foreclose. Plaintiffs also allege the denial of due process on the grounds of: false affidavits in the foreclosure proceedings; the absence of written notice seeking default judgment; the denial of a hearing upon post judgment motions; and that defendants are not real parties in interest.

Plaintiffs' complaint prays for an order determining that defendants have no interest or claim in the property and adjudging that plaintiffs are the owners in fee simple and entitled to possession.

Each plaintiff has submitted an affidavit in support of the TRO motion alleging irreparable harm and an inability to serve notice upon defendants in time for them to respond by October 12, 2010.

The issuance of a TRO without notice is governed by FED.R.CIV.P. 65(b)(1). This rule provides that the court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

3

> injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

A movant seeking a TRO must establish: 1) a substantial likelihood of success on the merits; 2) irreparable injury to the movant if the injunction is denied; 3) the threatened injury to the movant outweighs the injury to the party opposing the injunction; and 4) the injunction would not be adverse to the public interest. See <u>Dominion Video Satellite, Inc. v. Echostar Satellite Corp.</u>, 269 F.3d 1149, 1154 (10th Cir. 2001).

Upon review, the court believes plaintiffs cannot demonstrate a substantial likelihood of success on the merits and that a TRO must be denied for the following reasons. First, TILA does not authorize the court to adjudge plaintiffs as owners of the property. Violations of TILA are redressed by rescission and damages. <u>Vasconcellos v. Wells Fargo Home Loan Mortgage, Inc.</u>, 2010 WL 3732232 (D.Ore. 2010). Damages claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Rescission claims have a three-year limitations period. 15 U.S.C. § 1635(f). Plaintiffs executed the mortgage agreement more than three years ago. In addition, TILA provides that the right to rescind does not apply to a residential mortgage transaction in which a security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of the dwelling.

15 U.S.C. § 1635(e)(1). There are also good faith defenses available to creditors for certain TILA violations which may have application in this case. 15 U.S.C. § 1640(c). Second, plaintiffs' due process and unjust enrichment claims appear to be a direct attack upon the foreclosure proceedings conducted by a different court, a state court we assume. Because these claims appear to be inextricably intertwined with the foreclosure decisions of a different court, under the Rooker-Feldman doctrine, this court does not have jurisdiction to consider the claims. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Orcutt v. Libel, 2010 WL 2294518 (10th Cir. 6/9/2010) (applying the Rooker-Feldman doctrine to claims arising from state foreclosure proceedings); Maxwell v. BAC Home Loan Servicing, 2010 WL 3075456 (D.Colo. 8/4/2010) (same); Bryant v. Citimortgage, 2010 WL 3220331 (M.D.Fla. 8/13/2010) (same). Third, plaintiffs may not be able to prove unjust enrichment or that the balance of equities is in their favor when plaintiffs stopped paying on the loan in May 2009. See Goldenhersh v. Aurora Loan Services, 2010 WL 3245166 (D.Colo. 8/16/2010) (questioning the balance of equities where plaintiff sought to enjoin a foreclosure action and made no offer to bring the loan current). Fourth, the conclusory description of plaintiffs' claims makes it quite difficult or impossible to tell exactly what plaintiffs' claims are or who they are against. Thus,

5

the claims are subject to dismissal under FED.R.CIV.P. 12(b)(6). See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007). Fifth, this court is reluctant to order emergency <u>ex parte</u> relief when plaintiffs have had months to raise the same claims in the state foreclosure proceedings. Finally, contrary to Rule 65, plaintiffs have not demonstrated why the court should not require greater efforts to give some kind of notice to defendants before acting upon plaintiffs' motion for a TRO.

For these reasons, plaintiffs' motion for a TRO shall be denied.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2010 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge