IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BILLY PENNINGTON, BARBARA
PENNINGTON and all parties
similarly situated,

        Plaintiffs,
vs.                              **Case No. 10-1344-RDR**

EQUIFIRST CORPORATION;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS; BARCLAYS CAPITAL REAL
ESTATE, INC. d/b/a HOMEQ
SERVICING CORPORATION; THE BANK
OF NEW YORK MELLON TRUST COMPANY,
N.A.; C12 CAPITAL MANAGEMENT d/b/a
PROTIUM MASTER MORTGAGE LP; MARTIN,
LEIGH, LAWS & FRITZLEN, P.C. and
does 1-100,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiffs pro se have brought the above-captioned action relating to real property which has been the subject of a foreclosure action in the state district court for Butler County, Kansas. Plaintiffs list the following defendants in the complaint: EquiFirst Corporation; Mortgage Electronic Registration Systems ("MERS"); Barclays Capital Real Estate Inc. d/b/a HomEq Servicing Corporation; The Bank of New York Mellon Trust Company, N.A.; C12 Capital Management d/b/a Protium Master Mortgage LP; and Martin, Leigh, Laws & Fritzlen, a law firm in Kansas City, Missouri.

Each defendant has filed a motion to dismiss. Plaintiffs have filed a belated response to the motions to dismiss. They have also

asked for leave to amend the complaint, although they have not filed a proposed amended complaint or clearly described how they would like to amend the complaint.

I. ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that on or about March 23, 2007 they entered into a real estate loan agreement with defendant EquiFirst Corporation ("EquiFirst") as the lender. Plaintiffs further allege that on the same day, they executed a mortgage relating to the property which identifies the "nominal lender" as defendant EquiFirst. Plaintiffs state that the mortgage sets out that defendant MERS is acting solely as a nominee for the lender and the lender's successors and assigns, and that the mortgage further provides that defendant MERS is the mortgagee.

Plaintiffs allege that the mortgage was pooled with other mortgages as part of a trust known as EquiFirst Loan Securitization Trust 2007-1 which was sold to "untold numbers of investors worldwide." According to plaintiffs, after this transaction none of the defendants were ever a holder in due course of the promissory note and mortgage relating to plaintiffs' property.

Plaintiffs allege that they began withholding payments on the mortgage on or about May 2009 and that in July 2009 they made inquiries regarding the mortgage transaction. Plaintiffs assert that defendant HomEq Servicing Corporation wrote on August 28, 2009 that it was the servicing agent for the current owner of the loan,

but did not identify the current owner.

The complaint alleges that on or about December 28, 2009, defendant Barclays Capital Real Estate Inc. d/b/a HomEq Servicing Corporation, fabricated an assignment of the note and mortgage naming defendant MERS as nominee for defendant EquiFirst as an assignor, and defendant The Bank of New York Mellon Trust Company, N.A. ("BONY") as an assignee.

Plaintiffs further allege that on January 12, 2010, defendant BONY and defendant C12 Capital Management, LP d/b/a Protium Master Mortgage LP initiated a foreclosure action against plaintiffs. Plaintiffs assert that during the course of the foreclosure action defendant BONY included false and misleading affidavits in its opposition to plaintiff's motion to dismiss the action.

Plaintiffs claim: 1) a violation of the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq. and the Real Estate and Settlement Procedures Act (RESPA) 12 U.S.C. § 2601 et seq.; 2) unjust enrichment; and 3) denial of due process. The complaint also claims that the foreclosure proceedings are unlawful because defendants are not the real party in interest and lack authority to foreclose on the property in question. Finally, plaintiffs ask for relief in the nature of a quiet title action declaring plaintiffs as the owners of the property and entitled to possession.

Plaintiffs filed this action on October 4, 2010.

II. THE MOTIONS TO DISMISS

    A. <u>MERS</u> - Doc. No. 13

The motion to dismiss filed by MERS describes its role in the mortgage industry:

> MERS was developed by the real estate finance industry, with the participation of the Federal Housing Administration, Fannie Mae, Freddie Mac, Ginnie Mae and the Department of Veterans' Affairs, to serve as the mortgagee of record and operate an electronic registration system for tracking interests in mortgage loans, much like the book-entry system successfully used by the Depository Trust Company for the securities industry since the 1970s. See <u>Mortgage Electronic Registrations Systems, Inc. v. Bellistri</u>, No. 4:09-CV-731, 2010 WL 2720802 (E.D.Mo. July 1, 2010) at *6-7. Since a promissory note is a negotiable instrument under Article 3 of the Uniform Commercial Code, originating lenders routinely sell these notes in the secondary market to investors.
>     The MERS system is designed to allow its members, which include originators, lenders, servicers, and investors, to sell home mortgage loans without having to record each transfer in the local land records. <u>Id</u>. at *7. The MERS System reduces the cost of credit to borrowers, enhances the accuracy of the public land records and title searches, and provides a reliable system for the prompt delivery of legal notices to the current servicer or owner of the note. <u>Id</u>. at 7-8.
>     Pursuant to contractual agreements between MERS and its members, MERS holds legal title to the security interest under a deed of trust or mortgage as the nominee or agent for the original lender, and its successors and assigns. <u>Id</u>. at *7-8. See also <u>In re Tucker</u>, No. 10-61004, 2010 WL 3733916 (Bank.W.D.Mo. Sept. 10, 2010) at *4-8. MERS typically remains the mortgagee of record when the note or servicing rights are sold, electronically tracking any such transfers on behalf of its members. <u>Bellistri</u>, 2010 WL 2720802 at *7, <u>Tucker</u>, 2010 WL 3733916 at *4.

Doc. No. 14 at pp. 2-3.

MERS argues in its motion to dismiss that the court should

4

dismiss plaintiffs' action because it seeks to interfere with the state foreclosure proceedings and, accordingly, is contrary to the Rooker-Feldman doctrine, the Anti-Injunction Act (28 U.S.C. § 2283), and the Younger abstention doctrine.  MERS further argues that it owed no duty to plaintiffs under TILA because it did not loan plaintiffs money and that, in any event, plaintiffs' claims for relief under TILA are time-barred.  Finally, MERS contends that it received no benefit from the state foreclosure proceedings and, therefore, plaintiffs' unjust enrichment claim should be dismissed.

    B.   <u>Martin, Leigh, Laws & Fritzlen, P.C.</u> - Doc. No. 15

Defendant Martin, Leigh, Laws & Fritzlen, P.C. ("MLLF"), which is a law firm, argues that it too had nothing to do with the initial loan transaction and, therefore, no relief may be granted against it under TILA and RESPA.  MLLF further claims that plaintiffs' unjust enrichment claims are not directed at it, because it served as a collection agent on the loan, not a servicing agent.  MLLF also asserts that plaintiffs' unjust enrichment and due process claims should be dismissed under the Rooker-Feldman doctrine.

    C.   <u>C12 Capital Management, L.P.</u> - Doc. No. 16

Defendant C12 Capital Management, L.P. ("C12") makes the same arguments in its motion to dismiss as MMLF.  It contends that it had nothing to do with the original loan transaction and, therefore, no relief may be granted against it under TILA and

RESPA. It also argues that plaintiffs' unjust enrichment and due process claims should be dismissed under the Rooker-Feldman doctrine.

D. BONY - Doc. No. 18

Defendant BONY argues in its motion to dismiss that dismissal is justified because plaintiffs have failed to properly serve process. It asserts that plaintiffs served process upon an entity ("The Corporation Company, Inc.") which is not an agent authorized to receive service of process on behalf of BONY.

E. Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing; EquiFirst - Doc. No. 29

Defendants Barclays Capital Real Estate, Inc. d/b/a HomEq Servicing ("HomEq") and EquiFirst make the following arguments in their motion to dismiss. They contend that plaintiffs' TILA and RESPA claims only apply to defendant EquiFirst as the original lender. They further argue that the TILA claims are time-barred and that the RESPA claims are not adequately described or alleged. These defendants also argue that neither EquiFirst nor HomEq were involved in the state foreclosure action. Therefore, they argue that plaintiff's unjust enrichment and due process claims do not apply to EquiFirst and HomEq and that, in any event, the court should decline to consider those claims under Rooker-Feldman doctrine and Younger abstention.

III. PLAINTIFFS' OPPOSITION TO THE MOTIONS TO DISMISS AND REQUEST TO AMEND THE COMPLAINT - Doc. Nos 35 and 36.[1]

Plaintiffs argue that the motions to dismiss improperly rely upon the statements of counsel for the proof of material facts. Plaintiffs also broadly claim that defendants, acting in concert, defrauded plaintiffs by unlawfully converting plaintiffs' property. Plaintiffs more specifically allege that MLLF filed a false power of attorney and a fraudulent affidavit in the state district court. Plaintiffs claim the power of attorney was relevant to an issue of standing to represent parties involved in the state foreclosure litigation and that the affidavit was relevant to an issue plaintiffs raised in a motion to dismiss filed in the state foreclosure case. Plaintiffs claim the affidavit falsely alleges that defendant BONY was in custody and control of the loan documents in this matter.

Plaintiffs further challenge the defendant MERS' authority to assign the promissory note and mortgage in this case.

Finally, plaintiffs state that, "[a]n original complaint of fraud against the Defendants that could rise to the level of Racketeering (RICO), would not be barred by Rooker-Feldman or Younger doctrines." Doc. 35 at p. 7. Plaintiffs also ask the

---

[1]Plaintiffs' response to the motions to dismiss and request to amend is one document. It was docketed twice by the Clerk of the Court, once as a response to the motions to dismiss (Doc. No. 35) and once as a motion to amend (Doc. No. 36).

court to allow plaintiffs to amend their complaint "to more properly present their claims against all actors." Id.

In reply to plaintiffs' response and request to amend, defendants more or less have reasserted the arguments presented in their motions to dismiss.

IV. PRO SE STANDARDS

A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiffs' pleadings can be reasonably read to state a valid claim on which they could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. Id. But, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

V. STANDARDS GOVERNING MOTIONS TO DISMISS

In deciding a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). To survive such a motion, a complaint must allege a plausible set of facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

This court should first "identify[] pleadings that because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57) (internal citations omitted).

Dismissal pursuant to Rule 12(b)(6) is proper when the face of the complaint "indicates the existence of an affirmative defense

9

such as noncompliance with the limitations period." Pedro v. Armour Swift-Eckrich, 118 F.Supp.2d 1155, 1158 (D.Kan. 2000) (quoting Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1311 n.3 (10th Cir. 1999)).

The court has the authority to raise issues regarding the failure to state a claim, whether or not those issues are asserted in the motions to dismiss. See Whitney, 113 F.3d at 1173; see also, Rector v. City and County of Denver, 348 F.3d 935, 942 (10th Cir. 2003) (standing may be raised sua sponte).

VI. ANALYSIS OF MOTIONS TO DISMISS

For the reasons described below, the motions to dismiss appear to have merit to the court. The court's discussion shall not cover all of the grounds for dismissal raised by each defendant.

A. Claims against defendant BONY

Defendant BONY contends that plaintiffs' complaint should be dismissed against it because plaintiffs have failed to obtain proper service of process. Plaintiffs have not responded to this argument. As BONY's argument is not contested, the court will assume that plaintiffs have failed to make service of the complaint. Therefore, pursuant to FED.R.CIV.P. 4(m), the court shall dismiss this case without prejudice as to BONY unless plaintiffs make service of process against BONY within 30 days of the date of this order.

When the court refers to "defendants" in the remainder of this

order, the court means the other defendants in this case except BONY.

   B. TILA claims

The complaint alleges that defendants EquiFirst and MERS failed to provide disclosures required under TILA. There are no allegations of TILA violations by the other named defendants. So, the court shall assume that plaintiffs are not asserting a TILA claim against the other defendants.

Plaintiffs' TILA claims are time-barred as alleged. The statute of limitations for damages claims under TILA is one year after the date of the violation's occurrence. 15 U.S.C. § 1640(e). A claim for rescission expires "three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Plaintiffs filed this action more than three years after the consummation of the loan agreement which appears to be the approximate time of the alleged TILA violations.

Plaintiffs also do not allege facts indicating that MERS is a "creditor" or "assignee" who is obligated to make disclosures or responsible when disclosures required by TILA are not made. See 15 U.S.C. § 1602(f) (defining "creditor" under the act); 15 U.S.C. § 1641 (providing for liability of assignees).

For these reasons, it appears that plaintiffs' TILA claims should be dismissed.

C. RESPA claim

As with plaintiffs' TILA claims, the complaint only mentions defendants EquiFirst and MERS in connection with RESPA. However, plaintiffs do not discuss what actions violated RESPA or what provisions of RESPA were violated. Therefore, plaintiffs have failed to describe a plausible claim for a violation of the statute and it appears that the cursorily alleged claim must be dismissed.

D. Rooker-Feldman

It further appears to the court that the Rooker-Feldman doctrine prohibits the court from deciding plaintiffs' remaining unjust enrichment and due process claims.

Plaintiffs' unjust enrichment claim alleges that defendants have no lawful authority to foreclose and that defendants seek to unjustly enrich themselves financially by foreclosing on plaintiffs' real property. The court notes that the only plaintiff listed in the state foreclosure action is defendant BONY as Grantor Trustee of the Protium Master Grantor Trust. The other defendants in this matter are not parties to the state foreclosure action.

Plaintiffs' due process claim states that defendant MLLF submitted false affidavits on behalf of defendants BONY and C12 and that other actions in the foreclosure action denied plaintiffs due process of law. For instance, plaintiffs contend that their due process rights were denied when certain post-judgment motions were refused a hearing by the state court.

"The Rooker-Feldman doctrine prohibits a lower federal court both from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." Tal v. Hogan, 453 F.3d 1244, 1256 (10th Cir. 2006) cert. denied, 549 U.S. 1209 (2007)(interior quotation omitted). "A claim is inextricably intertwined if the state-court judgment caused, actually and proximately, the injury for which the federal court plaintiff seeks redress." Id. (interior quotation omitted).

Plaintiffs claim that because of fraud and misrepresentations made in the course of the state foreclosure proceedings, plaintiffs' property was lost without due process and defendants were unjustly enriched. These are claims that have either been decided by the state court in the foreclosure action or are inextricably intertwined with the state foreclosure proceedings. The relief requested by plaintiffs would require this court to undermine the state court judgment in the foreclosure action. Therefore, it appears that the Rooker-Feldman doctrine applies and this court must dismiss these claims without prejudice. See Orcutt v. Libel, 381 Fed.Appx. 866, 2010 WL 2294518 (10th Cir. 6/9/2010); Swiatkowski v. Citibank, ___ F.Supp.2d ___, 2010 WL 3951212 *7-11 (E.D.N.Y. 10/7/2010).

VII. REQUEST TO AMEND

Rule 15.1 of the Local Rules of this court requires that a motion to amend "shall set forth a concise statement of the

13

amendment" or attach the proposed amended pleading. The court has examined plaintiffs' opposition to the motions to dismiss and request to amend the complaint. None of the new allegations made in that document persuade the court that allowing plaintiffs to amend the complaint would be anything other than an exercise in futility. However, in an exercise of caution, the court will grant plaintiffs 30 days from the date of this order to submit a proposed amended complaint. See Hall, 935 F.2d at 1110 n.3 ("pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings"). Then, the court will determine whether to grant plaintiffs leave to amend the complaint in this matter or whether to grant defendants' motions to dismiss. If plaintiffs do not timely submit a proposed amended complaint, the court shall grant defendants' motions to dismiss. If plaintiffs timely submit a proposed amended complaint, the court will assess whether it would be futile to grant plaintiffs' leave to file the amended complaint and whether this action must be dismissed as to some or all of the defendants.

VIII. CONCLUSION

Plaintiffs are hereby granted 30 days from the date of this order to obtain service of process upon defendant BONY. If plaintiffs do not obtain service of process within that period of time, defendant BONY's motion to dismiss shall be granted.

Plaintiffs are also granted 30 days from the date of this

order to submit a proposed amended complaint.  If plaintiffs do not timely submit a proposed amended complaint, the court shall grant defendants' motions to dismiss.  If plaintiffs timely submit a proposed amended complaint, the court will assess whether it would be futile to grant plaintiffs leave to file the amended complaint and whether this action must be dismissed as to some or all of the defendants.

**IT IS SO ORDERED.**

Dated this 31st day of January, 2011 at Topeka, Kansas.

>s/Richard D. Rogers
>United States District Judge