IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

BILLY PENNINGTON, et al.,

        Plaintiffs,
vs.                               **Case No. 10-1344-RDR**

EQUIFIRST CORPORATION,

        Defendant.

## MEMORANDUM AND ORDER

This case is before the court upon defendant EquiFirst Corporation's motion to dismiss plaintiffs' second amended complaint pursuant to FED.R.CIV.P. 12(b)(6). Doc. No. 59. Plaintiffs, pro se, have not filed a timely response to the motion. Plaintiffs have previously been warned in this litigation that, under Local Rule 7.4, the failure to file a timely response to a motion may cause the court to consider the motion uncontested. Doc. No. 31.

This case is proceeding upon a second amended complaint which was filed in response to motions to dismiss filed by several defendants. The court granted the motions to dismiss in large part, but allowed the complaint to continue upon a claim that defendant EquiFirst Corporation ("EquiFirst") violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Doc. No. 56 at pp. 9, 12-13.

The court shall begin this opinion by repeating a discussion

from a prior opinion regarding standards applied to this kind of motion in this kind of case.

I. PRO SE STANDARDS

A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiffs' pleadings can be reasonably read to state a valid claim on which they could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. Id. But, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. STANDARDS GOVERNING MOTIONS TO DISMISS

In deciding a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). To survive such a motion, a complaint must allege a plausible set of facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at

570.

This court should first "identify[] pleadings that because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. at 1949 (quoting and citing Twombly, 550 U.S. at 556-57) (internal citations omitted).

Dismissal pursuant to Rule 12(b)(6) is proper when the face of the complaint "indicates the existence of an affirmative defense such as noncompliance with the limitations period." Pedro v. Armour Swift-Eckrich, 118 F.Supp.2d 1155, 1158 (D.Kan. 2000) (quoting Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1311

3

n. 3 (10th Cir. 1999)).

III. ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

The second amended complaint alleges that plaintiffs met with EquiFirst's agents on or about March 23, 2007. Doc. No. 53, ¶ 11. At the meeting, plaintiffs executed documents for a real estate loan, including a promissory note and a mortgage which identified EquiFirst as the lender. Id. at ¶¶ 12-13. The second amended complaint asserts that EquiFirst was a "fictitious lender" that "merely transferred or deposited" plaintiffs' promissory note "to or with an unknown recipient." Id. at ¶ 17. The complaint also refers to EquiFirst as a "loan 'originator'" which "is not loaning the borrower a dime . . . [and] is doing nothing more than earning a commission on the money someone else is lending the borrower." Id. at ¶ 38. It further claims that EquiFirst pooled plaintiffs' mortgage with other mortgages and sold it to an underwriter. Id. at ¶ 18. At this point, according to plaintiffs, defendant EquiFirst "could never be more than [a] servicing agent[]." Id. at ¶ 19.

Plaintiffs allege that they first became aware that their rights to certain real estate settlement procedures may have been violated in May 2009. Id. at ¶ 20. Plaintiffs further assert that in August 2009, plaintiffs received a letter from Homeq Servicing Corporation stating that Homeq was the servicing agent for the current owner of plaintiffs' loan, although plaintiffs have seen

4

other documents showing Sutton Funding LLC as the servicer. Id. at ¶ 26.

Plaintiffs allege that EquiFirst failed to provide a "Good Faith Estimate disclosure" in advance of closing, "which is a violation of RESPA." Id. at ¶ 46. Plaintiffs also allege that "EquiFirst failed to inform the plaintiff[s] when the note [was] transferred or assigned within 15 days prior and the notice failed to contain all information per [RESPA section] 12 U.S.C. § 2605(b)(1), (2)(A) & (3)." Id. at ¶ 49.

IV. ARGUMENTS FOR DISMISSAL

Plaintiffs appear to bring two RESPA claims against EquiFirst: 1) that EquiFirst failed to provide a "good faith estimate" disclosure; and 2) that EquiFirst failed to inform plaintiffs of the transfer of plaintiffs' loan in violation of 12 U.S.C. § 2605(b). EquiFirst contends that both claims must be dismissed.

A. Good faith estimate disclosure

EquiFirst argues initially that plaintiffs' claim that EquiFirst violated RESPA by failing to provide a "good faith estimate disclosure" must be dismissed because: 1) there is no private right of action for such a claim under RESPA; and 2) if there was such a private right of action, plaintiffs' claim would be untimely. These arguments appear valid.

The requirement that "[e]ach lender shall include . . . a good faith estimate of the amount or range of charges for specific

5

settlement services the borrower is likely to incur in connection with the settlement . . ." is found at 12 U.S.C. § 2604(c). The great majority of courts that have considered the issue, including one decision from this district, have held that there is no private right of action for violations of § 2604. E.g., Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir.) cert. denied, 521 U.S. 1127 (1997); Santiago v. Bismark Mortgage Co., LLC, 2011 WL 839762 at *5-6 (D.Haw. 3/4/2011); Delino v. Platinum Community Bank, 628 F.Supp.2d 1226, 1232-33 (S.D.Cal. 2009); Mayhew v. Cherry Creek Mortgage Co., Inc., 2010 WL 935674 at *7 (D.Colo. 2010); Nelson v. JPMorgan Chase Bank, N.A., 707 F.Supp.2d 309, 317 (E.D.N.Y. 2009); Carr v. Home Tech Co., Inc., 476 F.Supp.2d 859, 869 (W.D.Tenn. 2007); Reese v. 1st Metropolitan Mortg. Co., 2003 WL 22454658 at *4 (D.Kan. 10/28/2003).

The longest limitations period for actions under RESPA is three years "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Plaintiffs brought this action in October 2010, more than three years after the occurrence of the disclosure violation alleged by plaintiffs. Therefore, it appears that plaintiffs' claim under § 2604(c), assuming that a private action could be brought, is untimely. See Weingartner v. Chase Home Finance, LLC, 702 F.Supp.2d 1276, 1286-87 (D.Nev. 2010).

B. <u>Notice of transfer of loan servicing</u>

Section 2605(b)(1) requires that: "Each servicer of any

federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer <u>of the servicing of the loan</u> to any other person." (emphasis added). Plaintiffs appear to allege that this section of RESPA was violated because: "EquiFirst failed to inform the plaintiff[s] when the note [was] transferred or assigned within 15 days prior and the notice failed to contain all information per [RESPA section] 12 U.S.C. § 2605(b)(1),(2)(A) & (3)." Doc. No. 53 at ¶ 49.

EquiFirst contends that plaintiffs' claim should be dismissed because: 1) plaintiffs do not allege a transfer of the servicing of the loan; 2) plaintiffs do not allege that EquiFirst was a servicer of the loan (although the complaint does allege that EquiFirst "could never be more than a servicing agent"); and 3) plaintiffs do not allege any damages from the alleged violation.

Plaintiffs have not attempted to rebut any of these arguments. For the purposes of this opinion, the court shall focus upon the third argument. Section 2605(f) states that:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
> (1) **Individuals**
> In the case of any action by an individual, an amount equal to the sum of - - **(A)** any actual damages to the borrower as a result of the failure; and **(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

Numerous courts have dismissed claims alleging a violation of §

7

2605 because of a failure to allege actual damages to the borrower as a result of the claimed violation or a pattern or practice of noncompliance with RESPA requirements.  Mekani v. Homecomings Financial, LLC, 752 F.Supp.2d 785, 795-96 (E.D.Mich. 2010); McWilliams v. Chase Home Finance, LLC, 2010 WL 1817783 at *4 (E.D.Mo. 5/4/2010); Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1305 (S.D.Fla. 2009); Jones v. ABN AMRO Mortgage Group, Inc., 551 F.Supp.2d 400, 409 n. 9 (E.D.Pa. 2008) Ricotta v. Ocwen Loan Servicing, LLC, 2008 WL 516674 at *5-6 (D.Colo. 2/22/2008); Byrd v. Homecomings Financial Network, 407 F.Supp.2d 937, 945-46 (N.D.Ill. 2005).  These cases support EquiFirst's argument for dismissal of plaintiffs' § 2605 claim because, from the court's inspection of the second amended complaint, plaintiffs have not alleged actual damages from the EquiFirst's claimed failure to comply with RESPA.

V. CONCLUSION

EquiFirst's motion to dismiss (Doc. No. 59) offers good grounds for the dismissal of plaintiffs' remaining claims in this case.  Plaintiffs have not filed a timely response to the motion.  So, the motion appears uncontested.  For the reasons stated within the motion, the court shall dismiss the remaining claims against EquiFirst.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2011 at Topeka, Kansas.

s/Richard D. Rogers

8

United States District Judge